UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CRYSTAL M. MILAN,

                       Plaintiff,               **MEMORANDUM AND ORDER**

      -against-                                14-CV-2448 (SLT)

FRED WERTHEIMER, DENISE COSTANZA,
ZENOBIA PARKER; NEFREDIA COVINGTON;
and MARY DAVIS,

                       Defendants.
------------------------------------------------------------x

**TOWNES, United States District Judge:**

On March 19, 2014, plaintiff Crystal M. Milan ("Plaintiff" or "Ms. Milan"), proceeding *pro se*, commenced this action in the United States District Court for the Southern District of New York on behalf of herself and her four children. In mid-April 2014, this action was transferred to this Court, which subsequently issued two opinions. The first—a memorandum and order dated July 2, 2014, and entered July 3, 2014 (the "First M&O")—dismissed without prejudice the claims brought by Plaintiff on behalf of her children, explained various defects in the claims Plaintiff was raising on her own behalf, and granted her leave to file an amended complaint. The second—*Milan v. Wertheimer*, No. 14-CV-2448 (SLT), 2014 WL 4370647 (E.D.N.Y. Sept. 2, 2014) (the "Second M&O")—dismissed Plaintiff's action altogether, noting that her amended pleading failed to cure the deficiencies in the original complaint.

In a one-page letter dated September 10, 2014, and filed September 15, 2014, Plaintiff now moves for reconsideration, essentially arguing that "some wrong has definitely been done" by defendants and requesting, *inter alia*, "restitution" so "no one would ever have to experience my nightmare again." For the reasons set forth below, Plaintiff's motion is denied.

## BACKGROUND

The caption of the complaint which Plaintiff originally filed with the SDNY named Plaintiff and her four children as plaintiffs and listed five defendants: Plaintiff's mother, Mary Davis; two child-welfare workers, defendants Covington and Parker; and two law guardians, defendants Kostanza (a/k/a Costanza) and Wertheimer. However, the complaint did not explain the basis for subject-matter jurisdiction other than to allege that there was "federal question" jurisdiction, did not contain factual allegations with respect to all defendants, and was vague in describing the relief which Plaintiff sought.

In the First M&O, the Court first noted that Plaintiff, as a non-lawyer, could not represent her children. The Court then explained the defects in Plaintiff's own claims, noting, *inter alia*, that 42 U.S.C. § 1983 might serve as a basis for federal jurisdiction, but that § 1983 claims can only be brought against state actors. The Court also explained that a three-year statute of limitations applied to § 1983 claims and warned that certain claims might be time-barred unless Plaintiff could "allege some basis for tolling the ... statute of limitations." First M&O at 11. The First M&O granted Plaintiff leave to amend the claims raised on her own behalf, but dismissed without prejudice the claims that Plaintiff raised on behalf of her four children.

In early August 2014, Plaintiff filed five separate documents, each entitled "Amentment [*sic*] Complaint." One document (the "Form") was a four-page form complaint, the caption of which listed the same five defendants as the original complaint and listed Ms. Milan as the only plaintiff. Another document (the "Addendum") elaborated on allegations contained in the "Statement of Claim" section of the Form. The remaining three documents were copies of documents previously filed in the action.

In the Second M&O, the Court ruled that Plaintiff's submissions failed to cure the deficiencies in the original complaint and dismissed the action. First, the Court held that Plaintiff could not sue defendants Davis, Wertheimer, and Costanza under § 1983 because the allegations in the complaint made it clear that they were not "state actors." The Court further held that the § 1983 claims against Parker appeared to be time-barred, and that the body of the Amended Complaint contained no allegations concerning Covington. However, the Court also stated: "[e]ven assuming that Plaintiff meant to name Covington as a defendant in the Amended Complaint and to re-allege the facts and claims raised against Covington in the original complaint, the acts attributed to Covington all occurred in 2004" and, therefore, were also time-barred.

On September 15, 2014, Plaintiff simultaneously filed a Notice of Appeal and a motion for reconsideration. The motion consists of a single-page letter addressed to the Court and dated September 10, 2014. At the start of that letter, Plaintiff apologizes for any procedural defects in the amended pleading, stating that she assumed she was "suppose[d] to get a copy of my first complaint from the Southern District, and add any additional complaints to another sheet." Letter to Judge Sandra L. Townes from Crystal Milan dated Sept. 10, 2014. She then describes the wrongs which have allegedly been done to her by defendants, and ends with an impassioned plea for justice, asserting that "restitution" would discourage the defendants from subjecting others to the same "nightmare." *Id.*

## DISCUSSION

### *Jurisdiction*

Preliminarily, this Court must address the question of whether it has jurisdiction to consider Plaintiff's motion for reconsideration notwithstanding the fact that she simultaneously filed a notice of appeal. Prior to 1979, this question turned on whether the notice of appeal was filed before the motion for reconsideration or vice versa. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58-59 (1982) ("Under pre-1979 procedures, a district court lacked jurisdiction to entertain a motion to vacate, alter, or amend a judgment after a notice of appeal was filed. ... [I]f the notice of appeal was filed after the motion to vacate, alter, or amend the judgment[,] ... the district court retained jurisdiction to decide the motion ...."). However, in 1979, the Federal Rules of Appellate Procedure were amended to give district courts express authority to entertain a timely motion for reconsideration, even after a notice of appeal had been filed. *Id.* at 59 (citing Fed. R. App. P. 4(a)(4)). Specifically, Rule 4(a)(4)(B)(i) now provides:

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Among the motions listed in Rule 4(a)(4)(A) is a motion "under Rule 60 if the motion is filed no later than 28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi).

Plaintiff's motion does not mention the procedural rule under which it is brought, but states that Plaintiff "wishes to file a motion to reconsider." In light of Plaintiff's *pro se* status, this Court construes Plaintiff's submission to be a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which provides that "[o]n motion and just terms, the court may relieve

a party or its legal representative from a final judgment, order, or proceeding" for any of six reasons, including (6) any ... reason that justifies relief." Since Plaintiff's motion was filed on September 15, 2014—only 13 days after the Second M&O and the judgment in this action were filed—Plaintiff's notice of appeal is not yet effective and this Court has jurisdiction to consider Plaintiff's motion for reconsideration. *See* Fed. R. App. P. 4(a)(4)(B)(i); *Griggs*, 459 U.S. at 59.

### *Reconsideration*

The determination of whether to "grant or deny a motion for reconsideration lies squarely within the discretion of the district court." *Murphy v. First Reliance Std. Life Ins. Co.*, No. 08-CV-3603 (DRH)(WDW), 2010 WL 2243356, at *3 (E.D.N.Y. June 1, 2010). However, a motion for reconsideration "is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked ... that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see* Local Civ. R. 6.3.

In this case, Plaintiff's motion for reconsideration does not cite to any authorities or point to any facts which this Court may have overlooked. Specifically, Plaintiff does not allege any facts or provide any authorities to suggest that defendants Davis, Wertheimer, and Costanza are "state actors" who could be sued under § 1983. Similarly, Plaintiff does not allege any facts to suggest a basis for tolling the three-year statute of limitations or a basis for equitable estoppel.

Moreover, Plaintiff does not suggest a basis for federal question jurisdiction other than 42 U.S.C. § 1983. Rather, Plaintiff principally argues that "some wrong has definitely been done in

[her] case" which demands "justice," and that "restitution" will deter the defendants from subjecting other parents to the allegedly wrongful conduct that Plaintiff claims to have experienced. Letter to Judge Sandra L. Townes from Crystal Milan dated Sept. 10, 2014. Even assuming these arguments are correct, they do not make out a basis for reconsideration or alter the Court's conclusion that Plaintiff's claims against defendants Wertheimer, Costanza, and Davis fail to state a claim and that Plaintiff's claims against defendants Covington and Parker are time-barred.

## *CONCLUSION*

Ms. Milan's letter to the Court dated September 10, 2014, is construed as a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth above, that motion for reconsideration is denied.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: December 29, 2014
      Brooklyn, New York